UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALIFORNIA SPLENDOR, INC., a corporation;<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA FRUIT, LLC, a limited liability company; MARTIN J. PETERSON and DENISE H. PETERSON, an individual; COLUMBIA FRUIT MANAGEMENT, INC., a corporation,<br><br>Defendants | NO. 3:16-CV-05091 BHS<br><br>TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION |

Upon review of the Complaint of Plaintiff California Splendor, Inc. ("Plaintiff"), on file in the above-captioned action, and the declarations, exhibits and Memorandum of Points and Authorities in support of Plaintiff's Application for a Temporary Restraining Order, and it appearing to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and Order to Show Cause.

IT IS HEREBY ORDERED that Defendants COLUMBIA FRUIT, LLC, and COLUMBIA FRUIT MANAGEMENT, INC. (collectively referred to as "the Columbia Fruit Defendants") appear in Courtroom E of the U.S. District Court for the Western District of Washington, at Tacoma, 1717 Pacific Avenue, Room 3100, Tacoma, WA 98402-3200, on February 11, 2016, at 3:00 p.m., to show cause, if any they have, why they, their agents, bankers,

subsidiaries, successors, assignees, principals, employees, attorneys, and representatives should not be temporarily restrained until a full hearing on a preliminary injunction may be held, pursuant to Rule 65 of the Federal Rules of Civil Procedure and LCR 65(b), from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

A. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable (including frozen) agricultural commodities, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

B. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in trust assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e, *et seq.*];

C. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

IT IS FURTHER ORDERED that the Columbia Fruit Defendants, their owners, officers, directors, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, appear at the same time and place to show cause, if any they have, why they should not be commanded by order of this Court and required to distribute PACA trust assets in the amount of at least $1,117,381.83, which includes $1,087,439.05 in principal, plus interest charges accrued through February 5, 2016, in the amount of $21,910.28, plus attorney's fees recoverable pursuant to contract in the amount of $7,632.50, plus costs of $400.00, all of which is perfected under the PACA trust provisions pursuant to 7 U.S.C. §499(e)(c), *et seq.*, making in all the sum of $1,117,381.83 due as of the date hereof.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, the Columbia Fruit Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and

1 hereby are prevented from transferring, withdrawing or in any other manner removing Perishable
2 Agricultural Commodities Act [7 U.S.C. §499e, *et seq.*] trust assets, including funds on deposit
3 in banking accounts held by or on behalf of the Columbia Fruit Defendants, from Columbia Fruit
4 Defendants' banking accounts, including but not limited to: (1) Columbia Fruit Defendants'
5 accounts with CoBank, ACB, account no. XXXXXX1153; and, (2) any other accounts
6 subsequently discovered to be standing in the Columbia Fruit Defendants' names, either jointly
7 or separately.

8  IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing
9 Order to Show Cause, and continuing thereafter, the Columbia Fruit Defendants, and their
10 counsel, agents, or representatives, shall be preliminarily enjoined from engaging in, committing,
11 or performing directly and indirectly, any and all of the following acts:

12  D. Removing, withdrawing, transferring, assigning or selling to any other person or
13 entity, the proceeds from the sales of any or all existing or future inventories of food or other
14 products derived from perishable agricultural commodities, and/or receipts of payment for
15 products or crops sold prior to the date of this order and/or otherwise disposing of assets, books
16 or funds;

17  E. Taking any other action whatsoever which causes, has the effect of causing, or
18 which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

19  F. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through
20 (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA)].

21  IT IS FURTHER ORDERED that Plaintiff shall post a bond of $20,000 before the
22 Temporary Restraining Order is effective.

23  IT IS FURTHER ORDERED that Plaintiff shall serve the Columbia Fruit Defendants
24 with copies of this order and all pleadings and other papers in support of the order as soon as
25 possible and no later than February 10, 2016 by any means necessary to notify Columbia Fruit
26 Defendants of this action. Columbia Fruit Defendants may file a response before the show cause

hearing. The remainder of Plaintiff's requests for immediate temporary relief will be addressed at the show cause hearing, but are not included in this order.

This order is issued without notice because Plaintiff has shown that it would likely suffer irreparable injury if Columbia Fruit Defendants were allowed time to transfer assets before the injunction issued. Plaintiff has submitted evidence that Columbia Fruit Defendants are having problems paying their liabilities, which establishes the likelihood that they would transfer assets to avoid Plaintiff's position in front of other secured and unsecured creditors.

This injunction shall dissolve after the show cause hearing, and Plaintiff bears the burden of proposing an appropriate restraining order at that time, if any at all should issue.

Dated this 9th day of February, 2016 at 10:57 a.m.

BENJAMIN H. SETTLE
United States District Judge